UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-00703

| | | |
|---|---|---|
| THOMASINA GEAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| NOVANT HEALTH, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

THIS MATTER is before the Court upon Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. No. 7) pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Because Plaintiff appears *pro se*, the Court issued a Roseboro notice (Doc. No. 10) informing Plaintiff of the burden she carries in responding to Defendant's Motion. Plaintiff responded (Doc. No. 11), and Defendant replied to Plaintiff's Response (Doc. No. 12). This matter is now ripe for review. For the following reasons, the Court GRANTS Defendant's Motion.

## I.    BACKGROUND

Plaintiff, appearing *pro se*, filed a form Complaint (Doc. No. 1) against Defendant on October 6, 2016, alleging discrimination under the Americans with Disabilities Act ("ADA"). In a typewritten document attached to the Complaint, Plaintiff alleges that she was terminated from her employment with Defendant "because an employee stated that I was sleeping at work." Plaintiff contends that "[j]ust before my shift ended (a 12 hour shift) I closed my eyes the nurse came in demanded my badge." Plaintiff then states that "[b]ecause of HIPPA [sic] laws my speech

disability does not impact my ability to work," and "there was at one time not now I had a different disability that is also covered by the American Disability Act."

Plaintiff's Complaint alleges that the discriminatory acts occurred on or about March 2015, that Plaintiff filed charges with the EEOC in "June or July," and that she received the EEOC's attached "Notice of Right to Sue" letter on July 6, 2016. Defendant filed a Motion to Dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).

## II.      STANDARD OF REVIEW

Plaintiff has the burden of proving that subject matter jurisdiction exists. See Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). When a defendant challenges subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, 945 F.2d at 768. The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. See also Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A

complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56) (internal citations omitted).

### III.    DISCUSSION

#### A.  Subject Matter Jurisdiction

Defendant first argues that the Court should dismiss Plaintiff's Complaint for lack of subject matter jurisdiction because Plaintiff did not timely file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Under 42 U.S.C. § 2000e-5(e)(1), a claimant must file a Title VII charge with the EEOC within 180 days "after the alleged unlawful employment practice occurred." "When the plaintiff fails to file such a complaint in a timely fashion with the EEOC, the claim is time-barred in federal court." Benedetti v. Computer Scis. Corp., 187 F.3d 628 (4th Cir. 1999); see also Whitaker v. Nash Cty., 504 F. App'x 237, 240 (4th

Cir. 2013) ("[A] failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim." (quoting Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009))).

Here, Plaintiff has failed to meet her burden of proving that subject matter jurisdiction exists. The Complaint indicates that the discriminatory acts occurred in March of 2015 and that she filed charges with the EEOC in "June or July." Without knowing whether the charges were filed in 2015 or 2016, it is unclear whether Plaintiff timely filed the EEOC charges. Moreover, Plaintiff does not deny that she failed to timely file her EEOC charges. Instead, she explains that she "had a lot going on including focusing on another [pending] case" and that she "did not want to cause any trouble" for a family member who works for Defendant. Because Plaintiff failed to allege or demonstrate that she filed her EEOC Charge within 180 days of the alleged discriminatory act, this Court does not have jurisdiction to hear the matter. Accordingly, the Court GRANTS Defendant's Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

**B. Failure to State a Claim upon which Relief Can be Granted**

Even if the Court had subject matter jurisdiction, Plaintiff's Complaint fails to state a claim upon which relief can be granted. In a typical discrimination case, a plaintiff must show that "(1) she was in the protected class; (2) she was discharged; (3) at the time of the discharge, she was performing her job at a level that met her employer's legitimate expectations; and (4) her discharge occurred under circumstances that raise a reasonable inference of unlawful discrimination." Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc., 53 F.3d 55, 58 (4th Cir. 1995).

Here, construing Plaintiffs *pro se* Complaint liberally, Plaintiff's Complaint fails to specify her disability, let alone provide any inference that Defendant terminated her employment due to

her disability. While Plaintiff alleges that she has a "speech disability" and "a different disability that is also covered by the [ADA]," she fails to indicate what her disability is or how it qualifies her as an individual with a disability under the ADA. See 42 U.S.C. § 12111(8) (defining "qualified individual with a disability" as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position" at issue). In addition, Plaintiff's Complaint is completely devoid of any facts indicating how Defendant discriminated against her because of her alleged disability. In fact, Plaintiff admits in the Complaint that she fell asleep at work and that Defendant terminated her employment because she fell asleep at work. Alleging that she has a disability and that she was terminated for sleeping at work is insufficient to establish a connection between her disability and termination or to show that she was terminated because of her alleged disability.

Even Plaintiff's Response to Defendant's Motion to Dismiss fails to specify any conduct by Defendant that was discriminatory. Plaintiff's Response focuses on convincing the Court that no patient under her care was ever injured; however, that argument is irrelevant given that Plaintiff admits she was fired for falling asleep during her shift. Accordingly, Plaintiff has failed to allege factual content that would allow the Court to make a plausible inference that Defendant is liable for discriminatory conduct.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. No. 7) is GRANTED. Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE to refile with sufficient facts to establish subject matter jurisdiction and to state a claim upon which relief can be granted.

IT IS SO ORDERED.

Signed: January 5, 2017

Frank D. Whitney
Chief United States District Judge